IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GEORGIA ADVOCACY OFFICE | ) | |
| INC. | ) | |
|     Plaintiff, | ) | civil action no. |
| v. | ) | |
| Sheriff Theodore Jackson, in his | ) | |
| official Capacity as Sheriff of | ) | |
| Fulton County; Mark Adger, in his | ) | |
|  official capacity as Chief of the | ) | |
| Fulton County Jail | ) | |
|     Defendants. | ) | |

**COMPLAINT**

The Georgia Advocacy Office, Inc. ("GAO"), by and through counsel, brings this action pursuant to 42 U.S.C. §1983 for injunctive and declaratory relief against Defendants Theodore Jackson in his official capacity as Sheriff of Fulton County and  Mark Adger, in his official capacity as the Chief of Fulton County Jail, to redress Defendants' violations of GAO's rights under the federal laws governing the activities of the designated protection and advocacy systems ("P&A Acts") to conduct investigations and access records. 42 U.S.C. § 10801 et seq

**NATURE OF PROCEEDINGS**

1. GAO brings this action under 42 U.S.C. §1983 for injunctive and declaratory relief to redress Defendants' denial of access by GAO, the designated Protection and Advocacy System for the State of Georgia, to records maintained by Defendant.

2. Defendants have violated and continue to violate GAO's right of access to the jail where persons with psychiatric disabilities are housed as necessary to complete a full investigation into allegations of abuse and neglect.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case arises under the laws of the United States, including, the Protection and Advocacy of Individual with Mental Illness Act(PAIMI).

4. This Court has authority to grant Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure.

5. Venue is proper in the United States District Court for the Northern of Georgia pursuant to 28 U.S.C. § 1391(b), as the Defendant is deemed to reside in the Northern District of Georgia.

**THE PARTIES**

6. GAO is a private, non-profit Georgia corporation that provides protection and advocacy services to individuals with disabilities throughout the State of Georgia. GAO has been designated since 1977 as Georgia's protection and advocacy system ("P&A") to protect the legal and human rights of individuals with disabilities in the State of Georgia pursuant the federal legislation collectively referred to as the P&A Acts: The Developmental Disabilities Assistance and Bill of Rights Act of 2000 (the "DD Act"), 42 U.S.C. §§15001 *et seq*., the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U.S.C. §10801 *et seq*., and the Protection and Advocacy of Individual Rights ("PAIR") Program of the Rehabilitation Act, 29 U.S.C. § 794e.

7. Under its federal mandate as the designated P&A, GAO is vested with the authority to investigate specific incidents of abuse and neglect and to conduct monitoring activities to protect the rights and safety of individuals with disabilities. 42 U.S.C. §10805(a); 42 U.S.C. §15043(a)(2)(B); 29 U.S.C. § 794e(f). GAO is also vested with the authority to access records of individuals with disabilities. 42 U.S.C. §10805(a)(4); 42 U.S.C. §15043(a)(2)(I)-(J); 29 U.S.C. § 794e(f)(2).

8. Theodore Jackson is the Sheriff of Fulton County and thus is the official jailor of the county and is responsible for the health, safety, and welfare of all inmates.

9. Defendant Mark Adger, is being sued in his official capacity as the Chief of the Fulton County Jail ("FCSO"). As Chief of the FCSO Defendant Adger is responsible for the operation of the Fulton County Jail including access to the facility.

10. At all times relevant to this action, Defendants Jackson and Adger and the employees and agents of FCSO have acted under color of state law.

**FACTS**

11. GAO received information that individuals experiencing Psychiatric Disabilities are housed at the annex of the Fulton County Jail and are being held in poor conditions without access to appropriate treatment.  The Fulton County Jail and the annex are "facilities" as defined by 42 USC § 10802 (3).

12. On January 11, 2019, attorneys and advocates representing the Georgia Advocacy Office (GAO) asked to meet with persons with psychiatric disabilities housed within the Fulton County Jail and also to be allowed to observe their conditions of confinement.  Staff at the Jail advised they contacted their Chief, Mark Adger and asked counsel for GAO to contact the chief.

13. While still at the jail, counsel for GAO attempted to contact Chief Adger at the number provided by jail staff.

14. Counsel for GAO was advised by the individual answering the phone that Chief Adger was unavailable to talk on the phone.

15. Counsel for GAO provided jail staff with legal authority to support GAO's access authority.  Staff forwarded this legal authority to Defendant Adger.

16. Staff at the Jail then advised that GAO attorneys and advocates could not enter the facility without the permission of Defendant Adger.

17.  Prior to leaving the parking lot of the jail, GAO's counsel sent an email to Defendant Adger encouraging him to reconsider and to consult with his counsel regarding GAO's access authority and provided him with a contact number should he reconsider his position.

18.  Defendant Adger nor anyone representing the Fulton County Sheriff's office, has contacted counsel for GAO.

**Authority of Protection and Advocacy Systems**

WHEREFORE, GAO respectfully requests that the Court:

(a) Declare that Defendants have violated the rights of GAO under the P&A Acts by unlawfully denying GAO's access to people within the jail who experience psychiatric disabilities.

(b) Preliminarily and permanently enjoin Defendants and their successors from denying GAO access to facilities to which GAO is entitled under the P&A Acts.

(c) Award GAO litigation expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988(b); and

(d) Award such other relief as may be just, equitable and appropriate.

Respectfully Submitted this 14th day of January, 2019.

s/Devon A. Orland

Georgia Bar No. 554301

Attorney for Plaintiff

Georgia Advocacy Office, Inc.

Georgia Advocacy Office, Inc.

One West Court Square

Suite 625

Decatur, GA 30030

Phone:     (404) 885-1234

Fax:         (404) 378-0031

Email:      dorland@thegao.org